OPINION
{¶ 1} Appellant is a long-term care facility. Marie DeFranze was a resident of appellant's facility from October 30, 2001 through March 19, 2002, when she died. Appellee Anthony Cline was DeFranze's son, and held a Power of Attorney for DeFranze. At the time of DeFranze's admission to the care facility, the parties entered into an admissions agreement. The agreement included an obligation to pay for the care and services at the agreed upon rate. DeFranze did not sign the agreement herself. Appellee signed the agreement, "Anthony Cline P.O.A." He signed the agreement on the line provided for the "Guarantor." The spaces for signatures by the resident and by appellant are blank.
 {¶ 2} Appellant filed the instant collection action, seeking to hold appellee and the Estate of Marie DeFranze jointly and severally liable for $5,688.05, for services rendered pursuant to the admissions agreement. The Mount Vernon Municipal Court dismissed the action on the pleadings, upon the motion of appellee. Appellant then dismissed the estate with prejudice, and appeals the judgment dismissing the action against appellee, assigning a single error:
 {¶ 3} "The trial court erred in granting judgment on the pleadings to the substantial and unfair prejudice of non-movant plaintiff-appellant by a) construing matters outside the pleadings against the non-movant plaintiff-appellant; and b) rendering judgment as a matter of law in favor of defendant-appellee and against the non-movant plaintiff-appellant."
 {¶ 4} Appellant argues that the court erred in considering material outside the pleadings in ruling on appellee's motion for judgment on the pleadings. Appellant also argues that the court erred as a matter of law in dismissing the action against appellee.
 {¶ 5} The admission agreement between the parties was attached to the complaint.
 {¶ 6} In concluding that appellee signed solely as the P.O.A. for the resident, and not as the guarantor, the court held that without a signature for the resident, there is no contractual obligation of the resident to pay, and without such contractual obligation, there is no obligation to guarantee, and the person signing on the line marked "guarantor" is guaranteeing nothing. To avoid a situation where DeFranze was a resident without a valid admission agreement, the court found that the signature of appellee was as P.O.A. for the resident, and not as a guarantor. The court therefore concluded that as P.O.A., appellee had no personal responsible for the obligation of his principal.
 {¶ 7} The trial court did not consider any evidence outside the pleadings. Rather, the court construed the document from its four corners.
 {¶ 8} Further, the court did not err as a matter of law in finding that appellee signed as P.O.A. for the resident, and did not guarantee the obligation in his personal capacity. First, as noted by the court, there is no signature by the resident; thus, there is nothing for a guarantor to guarantee. Had the nursing home desired appellee to be personally liable as guarantor, appellee should have signed as P.O.A. for his mother on the line specified for the "resident" to sign, and signed his name personally, without the P.O.A. designation, on the guarantor line. As Power of Attorney for his mother, appellee is not personally liable on the contract. The court did not err in dismissing the complaint on the proceedings pursuant to Civ. R. 12(C).
 {¶ 9} The assignment of error is overruled.
 {¶ 10} The judgment of the Mount Vernon Municipal Court is affirmed.
By Gwin, P.J., Wise, J., and Edwards, J., concur.